Miyoko Sakashita (CA Bar No. 239639)
Catherine W. Kilduff (CA Bar No. 256331)
CENTER FOR BIOLOGICAL DIVERSITY
351 California Street, Suite 600
San Francisco, CA 94104
Phone: (415) 436-9682
Facsimile: (415) 436-9683
miyoko@biologicaldiversity.org
ckilduff@biologicaldiversity.org
<u>Attorneys for Plaintiffs Center for Biological
Diversity, Oceana, Inc., and Turtle Island Restoration Network</u>

IGNACIA S. MORENO, Asst. Attorney General
SETH M. BARSKY, Section Chief
KRISTEN L. GUSTAFSON, Assistant Section Chief
ANDREA E. GELATT (CA Bar No. 262617)
Wildlife & Marine Resources Section
Environment & Natural Resources Division
U.S. Department of Justice
P.O. Box 7369
Washington, D.C. 20044-7369
Tel:  (202) 305-0388 | Fax:  (202) 305-0275
Email:  andrea.gelatt@usdoj.gov
<u>Attorneys for Defendants</u>

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, a non-profit organization; OCEANA, INC., a non-profit organization; and TURTLE ISLAND RESTORATION NETWORK, a non-profit organization,<br><br>Plaintiffs,<br><br>v.<br><br>GARY F. LOCKE, in his official capacity as Secretary of the U.S. Department of Commerce, and the NATIONAL MARINE FISHERIES SERVICE,<br><br>Defendants. | CASE NO. 3:11-cv-1870-JCS<br><br>**STIPULATED SETTLEMENT AGREEMENT AND [P~~ROPOSED~~] ORDER OF DISMISSAL** |

Stipulated Settlement Agreement and
[Proposed] Order of Dismissal              1              No. C 3:11-CV-1870 JCS

Pursuant to Civil L.R. 7-12, this Stipulated Settlement Agreement is entered into by and between Plaintiffs Center for Biological Diversity, Oceana, Inc., and Turtle Island Restoration Network (collectively "Plaintiffs") and Federal Defendants Gary F. Locke, Secretary of the United States Department of Commerce, and the National Marine Fisheries Service (collectively "NMFS" or "Service"):

WHEREAS, on October 2, 2007, the Service received from Plaintiffs a petition requesting that the Service revise critical habitat for the leatherback sea turtle (*Dermochelys coriacea*) designation under the Endangered Species Act ("ESA") by designating areas in the Pacific Ocean;

WHEREAS, on December 28, 2007, the Service announced a 90-day finding, pursuant to 16 U.S.C. § 1533(b)(3)(A), that the petition presented substantial scientific information indicating that the petitioned action may be warranted, 72 Fed. Reg. 73,745 (Dec. 28, 2007);

WHEREAS, on January 5, 2010, the Service made a 12-month finding that revising the leatherback sea turtle's critical habitat to add areas within the Pacific Ocean was warranted and published the text of a proposed regulation, pursuant to 16 U.S.C. § 1533(b)(3)(B)(ii), 75 Fed. Reg. 319 (Jan. 5, 2010);

WHEREAS, on April 19, 2011, Plaintiffs filed a Complaint for declaratory and injunctive relief, challenging the Service's failure to issue a final rule revising the critical habitat designation for the leatherback sea turtle within one year as required by 16 U.S.C. § 1533(b)(6)(A)(i);

WHEREAS, Plaintiffs and Defendants, through their authorized representatives and without any admission or final adjudication of the issues of fact or law with respect to Plaintiffs' claims, have reached a settlement that they consider to be a just, fair, adequate, and equitable resolution of the disputes set forth in Plaintiffs' Complaint by stipulating that the Service will produce a final determination on revising critical habitat for the leatherback sea turtle;

WHEREAS, Plaintiffs and Defendants agree that settlement of this action in this manner is in the public interest and is an appropriate way to resolve the dispute between them;

NOW, THEREFORE, IT IS STIPULATED BY AND BETWEEN THE PARTIES AS FOLLOWS:

1. On or before November 15, 2011, the Service shall submit to the *Federal Register* a final determination on revising the critical habitat for the leatherback sea turtle, *Dermochelys coriacea*.

2. Either party may seek to modify the deadline for the action specified in paragraph 1 for good cause shown, consistent with the Federal Rules of Civil Procedure. In that event, or in the event that either party believes that the other party has failed to comply with any term or condition of this Settlement Agreement, the parties shall use the dispute resolution procedures specified below.

3. The Order entering this Agreement may be modified by the Court upon good cause shown, consistent with the Federal Rules of Civil Procedure, by written stipulation between the parties filed with and approved by the Court, or upon written motion filed by one of the parties and granted by the Court. In the event that either party seeks to modify the terms of this Agreement, including the deadlines specified in paragraph 1, or in the event of a dispute arising out of or relating to this Agreement, or in the event that either party believes that the other party has failed to comply with any term or condition of this Agreement, the party seeking the modification, raising the dispute, or seeking enforcement shall provide the other party with notice of the claim. The parties agree that they will meet and confer (either telephonically or in-person) at the earliest possible time in a good-faith effort to resolve the claim before seeking relief from the Court. If the parties are unable to resolve the claim themselves, either party may then seek relief from the Court. In the event that Plaintiffs believe that Federal Defendants failed to comply with a term of this Agreement and have not sought to modify it, Plaintiffs' first remedy shall be a motion to enforce the terms of this Settlement Agreement. This Settlement Agreement shall not, in the first instance, be enforceable through a proceeding for contempt of court.

Stipulated Settlement Agreement and
[~~Proposed~~] Order of Dismissal           3                  No. C 3:11-CV-1870 JCS

4. No party shall use this Agreement or the terms herein as evidence of what does or does not constitute a reasonable time line for making a determination under 16 U.S.C. § 1533 in any other proceeding regarding the Service's implementation of the ESA.

5. This Agreement only requires the Defendants to take actions by the deadlines specified in paragraph 1 and does not limit the Service's authority with regard to the substantive outcome of any determinations. To challenge any final determination issued in accordance with this Agreement, Plaintiffs will be required to file a separate action. Plaintiffs do not waive their ability to challenge substantive decisions made by the Defendants pursuant to paragraph 1, and Defendants do not waive any applicable defenses.

6. Defendants agree that Plaintiffs are the "prevailing party" in this action, and agree to pay Plaintiffs reasonable attorneys' fees and costs pursuant to section 11(g) of the ESA, 16 U.S.C. § 1540 (g). Defendants therefore agrees to settle all of Plaintiffs' claims for costs and attorneys' fees in this matter for a total of $6,500.00. A check or electronic funds transfer will be made payable in that amount to Center for Biological Diversity, c/o Catherine Kilduff, 351 California Street, Suite 600, San Francisco, CA 94104.

7. Plaintiffs agree to furnish Defendants with the information necessary to effectuate payment pursuant to paragraph 6 and to hold the United States harmless for any loss caused by following this authorization and direction, if any loss should occur. Defendants agree to submit all necessary paperwork for the processing of the attorneys' fees award to the Department of the Treasury's Judgment Fund Office, pursuant to 16 U.S.C. § 1540(g)(4), within ten (10) business days of receipt of the Order approving this Agreement.

8. Plaintiffs agree to accept payment of $6,500.00 in full satisfaction of any and all claims for attorneys' fees and costs of litigation to which Plaintiffs are entitled in this matter through and including the date of this Agreement. Plaintiffs agree that receipt of this payment from Defendants shall operate as a release of Plaintiffs' claims for attorneys' fees and costs in this matter, through and including the date of this Agreement.

Stipulated Settlement Agreement and
[Proposed] Order of Dismissal             4                  No. C 3:11-CV-1870 JCS

9. The parties agree that Plaintiffs reserve the right to seek additional fees and costs incurred subsequent to this Agreement arising from a need to enforce or defend against efforts to modify the underlying schedule outlined in paragraphs 1 or for any other continuation of this action. By this Agreement, Defendants do not waive any right to contest fees claimed by Plaintiffs or Plaintiffs' counsel, including the hourly rate, in any future litigation or continuation of the present action. Further, this Agreement as to attorneys' fees and costs has no precedential value and shall not be used as evidence in any other attorneys' fees litigation.

10. Subject to the qualifications in paragraph 11, no provision of this Agreement shall be interpreted as, or constitute, a commitment or requirement that Defendants take action in contravention of the ESA, the Administrative Procedure Act ("APA"), or any other law or regulation, either substantive or procedural. Nothing in this Agreement shall be construed to limit or modify the discretion accorded to the Service by the ESA, the APA, or general principles of administrative law with respect to the procedures to be followed in making any determination required herein, or as to the substance of any final determination.

11. Nothing in this Agreement shall be interpreted as, or shall constitute, a requirement that the Federal Defendants are obligated to pay any funds exceeding those available, or take any action in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other appropriations law.

12. The parties agree that this Agreement was negotiated in good faith and that this Agreement constitutes a settlement of claims that were denied and disputed by the parties. By entering into this Agreement, the parties do not waive any claim or defense.

13. The undersigned representatives of each party certify that they are fully authorized by the party or parties they represent to agree to the Court's entry of the terms and conditions of this Agreement and do hereby agree to the terms herein.

14. The terms of this Agreement shall become effective upon entry of an order by the Court ratifying the Agreement.

Stipulated Settlement Agreement and
[Proposed] Order of Dismissal               5               No. C 3:11-CV-1870 JCS

15. Upon approval of this Agreement by the Court, all counts of Plaintiffs' Complaint shall be dismissed with prejudice. The parties hereby stipulate and respectfully request that the Court retain jurisdiction to oversee compliance with the terms of this Agreement and to resolve any motions to modify such terms. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375 (1994).

Dated: July 5, 2011

Respectfully submitted,

IGNACIA S. MORENO, Asst. Attorney General
SETH M. BARSKY, Section Chief

/s/ Andrea E. Gelatt
ANDREA E. GELATT (Cal. Bar # 262617)
Wildlife & Marine Resources Section
Environment & Natural Resources Division
U.S. Department of Justice
P.O. Box 7369
Washington, D.C. 20044-7369
Tel: (202) 305-0388 | Fax: (202) 305-0275
andrea.gelatt@usdoj.gov
Attorneys for Defendants


 /s/ Catherine W. Kilduff (by AEG, as authorized 7/5/11)
Catherine W. Kilduff (CA Bar No. 256331)
Miyoko Sakashita (CA Bar No. 239639)
CENTER FOR BIOLOGICAL DIVERSITY
351 California Street, Suite 600
San Francisco, CA 94104
Phone: (415) 436-9682
Facsimile: (415) 436-9683
miyoko@biologicaldiversity.org
ckilduff@biologicaldiversity.org

Attorneys for Plaintiffs

Stipulated Settlement Agreement and
[Proposed] Order of Dismissal            6             No. C 3:11-CV-1870 JCS

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: _____July 5_____, 2011

_____
Joseph C. Spero
UNITED STATES MAGISTRATE JUDGE

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, et al., | No. C 3:11-CV-1870 JCS |
| Plaintiffs, | **CERTIFICATE OF SERVICE** |
| v. | |
| GARY F. LOCKE, et al., | |
| Defendants. | |

I hereby certify that today, I electronically filed the foregoing STIPULATED SETTLEMENT AND [PROPOSED] ORDER OF DISMISSAL with the Clerk of the Court via the CM/ECF system, which will send notification of such to the attorneys of record.

*/s/ Andrea Gelatt*
ANDREA E. GELATT

COS  1  No. C 3:11-CV-1870 JCS